UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE WHITE | ) | CASE NO. |
| 12314 Revere Avenue | ) | |
| Cleveland, OH 44105 | ) | JUDGE |
| | ) | |
| on behalf of himself and all others | ) | |
| similarly situated, | ) | |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| vs. | ) | |
| | ) | |
| PEREGRINE EXPRESS LLC | ) | |
| c/o Statutory Agent Robert Ferns | ) | |
| 2651 Bernwood Road | ) | |
| Beachwood, OH 44122 | ) | |
| | ) | |
| Defendant. | ) | |

Now comes Plaintiff Jessie White by and through the undersigned counsel, and for his Complaint against Peregrine Express LLC ("Defendant"), states and alleges the following:

## INTRODUCTION

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to pay Plaintiff and other similarly-situated employees for meal periods during which they performed work, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant

to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principle office of business is located in Beachwood, Ohio, Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5.    At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6.    At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7.    At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio.

8.    At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9.    At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.    At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11.    At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12.    Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

2

## FACTUAL ALLEGATIONS

13.     Defendant operates a parcel delivery service and delivers Amazon packages to customers in Northeast Ohio.

14.     Plaintiff White was employed by Defendant as a driver between October 2018 and July 2019 and delivered Amazon packages in Cleveland and the surrounding areas.

15.     Other similarly situated employees were employed by Defendant as drivers.

16.     Plaintiff and other similarly situated drivers were classified by Defendant as non-exempt employees.

17.     Defendant paid Plaintiff and other similarly situated drivers on an hourly basis.

18.     Plaintiff and other similarly situated drivers drove vehicles with a gross vehicle weight rating of less than 10,000 pounds.

### (Failure to pay for on-duty meal periods)

19.     Plaintiff and other similarly situated drivers were not provided with bona fide meal periods during which they were completely relieved from duty.

20.     Defendant automatically deducted 30 minutes per day for a meal period, despite the fact that Plaintiff and other similarly situated drivers did not receive meal periods and/or performed work during meal periods because of the substantial amount of work that they had to perform.

21.     During the time that was considered their meal period, Plaintiff and other similarly situated drivers continued making deliveries.

22.     Defendant did not provide Plaintiff and other similarly situated drivers a way to report a missed meal period.

23.     Defendant was aware that Plaintiff and other similarly situated drivers did not receive bona fide meal periods due to the amount of work assigned to Plaintiff and other similarly

3

situated drivers.

24.     As a result of Defendant's failure to pay Plaintiff and similarly situated drivers for meal periods during which they performed work, Plaintiff and other similarly situated drivers were denied significant amounts of overtime compensation.

25.     Plaintiff Jessie White estimates that he performed work during his meal periods approximately five (5) days per week.

26.     Plaintiff worked approximately 45 to 54 hours per week on average.

27.     Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated drivers for meal periods during which they performed work.

**(Defendant Willfully Violated the FLSA)**

28.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current drivers employed by Peregrine Express
> LLC at any time between January 24, 2017 and the present.

31.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of at least 100 persons.

32.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

33. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current drivers employed by Peregrine Express
> LLC at any time between January 24, 2017 and the present.

35. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 100 persons.

36. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its
>     employees for hours worked in excess of 40 each workweek;

> (b) what amount of monetary relief will compensate Plaintiff and
>     other members of the class for Defendant's violation of R.C. §§
>     4111.03 and 4111.10.

37.     The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class.  Named Plaintiff's claims rise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

38.     The named Plaintiff will fairly and adequately protect the interests of the Ohio Class.  His interest is not antagonistic to, but rather is in unison with, the interests of the other Ohio Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

39.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     Defendant's practices and policies of not paying Plaintiff and other similarly

6

situated drivers for meal periods during which they performed work violated the FLSA, 29 CFR §
785.19.

43.     By engaging in the above-described practices and policies, Defendant willfully,
knowingly and/or recklessly violated the provisions of the FLSA.

44.     As a result of Defendant's practices and policies, Plaintiff and other similarly
situated drivers have been damaged in that they have not received wages due to them pursuant to
the FLSA.

### COUNT TWO
### (OMFWSA Violations)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten
herein.

46.     Defendant's practice and policy of not paying Plaintiff and other similarly situated
drivers for meal periods during which they performed work violated the OMFWSA, R.C. §
4111.14.

47.     By engaging in the above-described practices and policies, Defendant willfully,
knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

48.     As a result of Defendant's practices and policies, Plaintiff and other similarly
situated drivers have been damages in that they have not received wages due to them pursuant to
the OMFWSA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this
Honorable Court:

A.     Issue an order permitting this litigation to proceed as a collective action and
certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B.      Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

C.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

D.      Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

E.      Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the class;

F.      Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G.      Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H.      Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Lori M. Griffin_____
One of the Attorneys for Plaintiff